GEO. W. CRAWFORD *v.* JACOB RICE.

**Credibility of Witnesses.**

The facts that a witness refuses to give his deposition until a litigant pays him $50, that the litigant accedes to his demand, and that several witnesses impeach the witnesses' character to a considerable extent, may all be considered as circumstances from which the trial court may disregard his testimony.

APPEAL FROM CARTER CIRCUIT COURT.

February 19, 1881.

OPINION BY JUDGE HARGIS:

The appellant instituted an action against appellee to settle a partnership between them, and also sued him upon a note on which various credits were entered. The causes were consolidated and referred to a commissioner for the purpose of auditing and settling the partnership and individual transactions between the parties.

The commissioner made a report, to which was added a supplementary report on the matters which were before him when he made

the first, in which, after a statement of the matters between the parties, made from the pleadings and voluminous evidence taken by the commisioner, he concludes that the appellant was, on the 7th day of April, 1873, indebted to the appellee in the sum of $651.47. Both parties excepted to the report, and upon final hearing the court rendered judgment in appellee's favor for the sum of $1,026.60, with interest from April 7, 1873. From that judgment both parties appeal.

After a faithful and careful examination of all the numerous errors assigned in the original and cross-appeal, we are unable to discover any error substantially prejudicing the rights of either party.. As to the errors assigned with reference to the $171.96 for taxes as guardian, $39 alleged to have been paid to Vincent, the alleged contract to board hands at $1.50 per week, the wheat, the work done by the hands alleged to have been furnished by each partner, the blacksmith account, $500 for the millrace, $36.72 for castings, the individual services by the partners, amount of Power's item, and the wages of Negro Nailor, the judgment of the court is not against the weight of the evidence; and without analyzing it here, we are of the opinion it sustains the judgment on each of those items.

Appellant admitted in his pleading that the $25 left by McKenzie should be credited upon the accounts between him and the appellee. He also admitted in his deposition that he leased the mill for four years and a half, only one month less than the appellee claims, who seems to have made no mistake about the time, and there appears to be no error as to those items.

The action on the receipts for fee-bills was barred by limitation, as more than 15 years had elapsed before any pleading was filed in the case, properly presenting them for adjudication. Whether a credit was allowed the appellee upon the note or partnership the result would have been the same. No questions can arise in this case, such as frequently present themselves where debtors of a firm attempt to plead a set-off or credit based on a private claim against a member of the firm.

The appellant admits on oath that he had to pay Jesse L. Duprey the sum of $50 before he would consent to give his deposition in the case. Several witnesses impeach his character to a considerable degree. Under these circumstances, if the court below did disregard his testimony, we do not feel inclined to say it acted improp-

erly. In view of this conduct upon the part of the appellant and witness the testimony introduced by appellee was sufficient to sustain the credit for $720 paid for the boiler and expenses of its shipment.

There is no sufficient reason shown for disturbing the judgment of the court in rejecting the claim of appellee for the alleged use of the water power, or for an excess above $500 for cutting out the mill-race. The testimony conduces to prove that appellee at least took it upon himself, if he did not so contract, to do the work on the mill-race for $500. The other assignments of error on the cross-appeal are either immaterial or too general, and will not, therefore, be considered.

Wherefore the judgments on the original and cross-appeals are affirmed.

*Wm. Bowling, for appellant.*

*K. F. Pritchard, Geo. N. Brown, for appellee.*